UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

JOSE AVILA,

        Plaintiff,

       v.                                              Case No. 05-CV-681

VECTOR TECHNOLOGIES, LTD., and
INDUSTRIAL VACUUM EQUIPMENT
CORP.,

        Defendants.

_____

**ORDER**

On June 27, 2005, plaintiff Jose Avila filed a complaint against defendants, Vector Technologies and Industrial Vacuum Equipment Corporation, alleging that he was injured by a commercial vacuum manufactured and distributed by the defendants. The defendants assert that Avila's complaint is time barred pursuant to Wisconsin's borrowing statute, Wis. Stat. § 893.07 (2005), and Louisiana's applicable one-year statute of limitations for personal injury claims, La. Civ. Code. Ann art. 3492 (2005).

Avila's complaint alleges that he was injured on June 27, 2003, while operating a large commercial vacuum to recover steel pellets used in sandblasting. (Compl. ¶¶ 3-5.) The complaint states that Avila suffered injuries when his arm was sucked into the hose of the vacuum and that he could not remove his arm until the vacuum was turned off several minutes later. (*Id.* ¶ 7.) According to the complaint, Avila's injury occurred on the Mississippi River Bridge in New Orleans, Louisiana. (*Id.* ¶ 3.) The complaint states that jurisdiction in this court is proper based upon

diversity jurisdiction because Avila was a resident of Louisiana at the time of filing his complaint, the defendants, the manufacturers and distributors of the vacuum, are located in Wisconsin, and the amount in controversy exceeds the statutory requirement. (*Id.* ¶ 2.)

Presently before the court are several motions: (1) Avila's motion for an extension of time to file his response to Vector Technologies' motion to dismiss, (2) both defendants' motions to dismiss for failure to state a claim upon which relief may be granted, and (3) both defendants' motions for sanctions pursuant to Fed. R. Civ. P. 11(c). The motions being fully briefed, the court will now address them.

**I. Extension of Time**

On July 12, 2005, defendant Vector Technologies filed a motion to dismiss and a brief in support of the motion. Avila did not respond to Vector's motion within the 21 days permitted by Civ. L.R. 7.1(b) (E.D. Wis.). In an August 9, 2005 order, the court granted Avila seven days from the date of the order to submit a responsive brief to Vector's motion. On August 11, 2005, Avila filed a motion to enroll Attorney Lloyd N. Frischhertz as his counsel of record and then filed his response shortly thereafter, on August 17, 2005, along with a motion for an extension of time to file his brief. Given that Avila's brief was filed within the time allowed by the August 9, 2005 order, his motion for an extension of time is unnecessary and will be denied as moot.[1]

---

[1] Fed. R. Civ. P. 6(a) provides that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."

**II. Defendants' Motions to Dismiss**

Avila's complaint sets forth five causes of action arising from the June 27, 2003 incident. Avila asserts that he suffered personal injuries caused by the defendants' unreasonably dangerous product. (Compl. ¶¶ 10-15.) Avila's causes of action were brought pursuant to "Wisconsin Products Liability Law." (*Id.* ¶ 10.) Vector, joined by Industrial Vacuum, moved to dismiss Avila's complaint claiming that his complaint is time barred under Wisconsin's borrowing statute, Wis. Stat. § 893.07 (2005), which makes Louisiana's one-year statute of limitations for personal injury claims the applicable statute of limitations in this case. Although Wisconsin allows three years to file a claim for personal injury under Wis. Stat. § 893.54 (2005), Louisiana's statute of limitations for personal injury claims is only one year from the date of the injury. La. Civ. Code. Ann art. 3492 (2005). Louisiana's statute of limitations for tortious injuries is embodied in La. Civ. Code. Ann art. 3492, Delictual Actions, which reads as follows:

> Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage.

*Id.*

The defendants assert that art. 3492 is the applicable statute because Avila's claims for personal injuries sustained in Louisiana are "foreign causes of action" as described in Wisconsin's borrowing statute. Wisconsin's borrowing statute, Wis. Stat. § 893.07, reads as follows:

> (1) If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies has expired, no action may be maintained in this state.
>
> (2) If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies to that action has not expired, but the applicable Wisconsin period of limitation has expired, no action may be maintained in this state.

*Id.*

As stated by the Wisconsin Supreme Court in *Wenke v. Gehl Co.*, 2004 WI 103, 274 Wis. 2d 220, 682 N.W.2d 405 (Wis. 2004), "[s]ection 893.07 operates as a legislative choice of law, directing Wisconsin courts to apply either the limitations law of the state where the cause of action arose or Wisconsin's limitations law, whichever is shorter." *Id.* at ¶ 14, 274 Wis. 2d at 232, 682 N.W.2d at 411. The Wisconsin Supreme Court set out the legislative intent of this statute in another case involving a "foreign cause of action," *Guertin v. Harbour Assurance Co.*, 141 Wis. 2d 622, 415 N.W.2d 831 (Wis. 1987). In *Guertin* the court stated that the manifest intent of the borrowing statute is to reduce forum shopping, prevent stale claims, promote the expedient litigation of controverted matters, and to avoid uncertainty in assessing the timeliness of bringing an action. *Id.* at 631, 415 N.W.2d at 835.

The court's role in a diversity action is to predict what the state's highest court would do if presented with the same issue. *See Todd v. Societe BIC, S.A.*, 21 F.3d 1402, 1412 (7th Cir. 1994). In this case, the court is asked to determine whether the Wisconsin Supreme Court would determine that Avila's causes of action constitute "foreign" causes of action within the meaning of Wis. Stat. § 893.07. In several cases similar to Avila's, the Wisconsin Supreme Court has

determined that a cause of action is foreign if the underlying injury occurred outside the state. *See Wenke* at ¶ 14, 274 Wis. 2d at 232, 682 N.W.2d at 411 ("the term 'foreign cause of action' refers to claims that are premised on injuries sustained outside of Wisconsin."); *see also Guertin*, 141 Wis. 2d at 631, 415 N.W.2d at 835 (holding that § 893.07 uses the place of injury to determine which jurisdictions are to be compared in establishing the shorter limitation period); *see also Scott v. First State Ins. Co.*, 155 Wis. 2d 608, 613, 456 N.W.2d 152, 154 (Wis. 1990) (holding that because the plaintiffs were injured in Alberta, the Alberta period of limitation was the applicable period of limitation under Wis. Stat. § 893.07(1)); *see also Ristow v. Threadneedle Ins. Co.*, 220 Wis. 2d 644, 651, 583 N.W.2d 452, 454 (Wis. Ct. App. 1998) ("[i]n the torts context, 'the place of injury controls the determination whether a cause of action in tort is 'foreign' for purposes of Wisconsin's borrowing statute.'" (quoting *Abraham v. General Casualty Co.*, 217 Wis. 2d 294, 302, 576 N.W.2d 46, 52 (Wis. 1998))).

The Seventh Circuit has also held that "Wisconsin considers a cause of action 'foreign' if the underlying injury occurred outside the state." *Faigin v. Doubleday Dell Publ'g Group*, 98 F.3d 268, 269 (7th Cir. 1996); *see also Johnson v. Deltadynamics, Inc.*, 813 F.2d 944, 946 (7th Cir. 1987) (holding that a cause of action is foreign under Wis. Stat. § 893.07 if the place of the injury is outside the state).

This line of cases and the stated policy of Wisconsin's borrowing statute directs the courts to apply the shorter statute of limitations in personal injury cases when the injury occurs outside the state. All of Avila's causes of action are for personal injury claims arising from an injury which occurred in Louisiana on

June 27, 2003. (Compl. ¶¶ 3, 10-15.) Thus, under Wis. Stat. § 893.07, the one-year Louisiana statute of limitations, La. Civ. Code. Ann art. 3492, should be applied rather than Wisconsin's three-year personal injury statute of limitations, Wis. Stat. § 893.54. Avila filed his complaint on June 27, 2005, exactly two years after his injury took place. The applicable statue of limitations, art. 3492, expired one year before Avila filed his complaint. In light of the foregoing, the court is obliged to dismiss Avila's pleading for failing to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

Avila asserts several arguments in his response briefs in an attempt to circumvent Wisconsin's borrowing statute and Louisiana's one-year statute of limitations. First, Avila claims that all the tortuous activity occurred in Wisconsin because the vacuum cleaner was designed, manufactured, and sold in Wisconsin and therefore his action should not be considered a "foreign cause of action." (Pl.'s Aug. 17, 2005 Opp'n Mem. 2.) However, the Seventh Circuit explicitly stated in *Johnson v. Deltadynamics, Inc.*, 813 F.2d 944 (7th Cir. 1987) that "[a] tort is not complete till the victim is injured." *Id.* at 945. The *Johnson* court held that if the place of the injury is outside Wisconsin, it is considered a "foreign cause of action" under Wis. Stat. § 893.07. *Id.* at 946. Avila was injured in Louisiana, so that is where the tort occurred; it is therefore a Louisiana or "foreign" cause of action. *See id.*

Avila also claims that Wisconsin's borrowing statute denies him of his constitutional right to equal protection. The constitutionality of Wis. Stat. § 893.07 was addressed in *Guertin*, 141 Wis. 2d 622, 415 N.W.2d 831. In *Guertin* the Wisconsin Supreme Court stated that there is a strong presumption of

constitutionality of statutes and that a statute will be sustained if there is any reasonable basis upon which the legislation may reasonably rest. *Id.* at 633, 415 N.W.2d at 835. Under a rational basis test "[e]qual protection of the law is denied only where the legislature has made irrational or arbitrary classification." *Id.* at 634, 415 N.W.2d at 836. The *Guertin* court determined that § 893.07 rests on a rational basis and concluded as follows:

> Those injured within the state are subject only to Wisconsin's statutes of limitation, whereas those injured outside of the state may be subject to more than one state's limitation statutes. Wisconsin's borrowing statute obviates uncertainty where more than one statute of limitation might apply, protecting all parties by the creation of a bright line rule which allows predictability in an area previously fraught with confusion.

*Id.* at 634-35, 415 N.W.2d at 836.

Additionally, the District Court for the Western District of Wisconsin addressed an equal protection challenge to § 893.07 in *Doe v. American Nat'l Red Cross*, 847 F. Supp. 643, 651 (W.D. Wis. 1994). The district court held that there was a rational basis for the statute noting that the state has a valid "interest in obviating uncertainty about the applicability of limitation statutes and protecting parties by increasing predictability." *Id.* This court agrees that § 893.07 passes a reasonable basis test and does not make irrational or arbitrary classifications. Thus, Avila is not denied his constitutional right to equal protection by application of § 893.07 to his complaint.

Avila states that he realized his potential claims against the defendants through discovery in a separate case against the defendants within one year of filing his complaint. (Pl.'s Aug. 17, 2005 Opp'n Mem. 2.) Avila asserts that under Louisiana law the statute of limitations is tolled when a cause of action is not known

or reasonably knowable by a plaintiff. *See Our Lady of the Lake Hosp., Inc. v. Carboline Co.*, 632 So. 2d 339, 343 (La. Ct. App. 1993). However, even if Avila did file his claim within one year of learning of his potential cause of action, his cause of action is still time barred. The Wisconsin Court of Appeals in *Johnson v. Johnson*, 179 Wis. 2d 574, 508 N.W.2d 19 (Ct. App. 1993), held that Wisconsin's borrowing statute does not borrow foreign tolling provisions. The *Johnson* court held that "there is nothing in sec. 893.07 that indicates–either in language, intent or history–that it was designed to incorporate, or be subject to, foreign tolling provisions." *Id.* at 581, 508 N.W.2d at 21. As such, in this case Wisconsin's borrowing statute borrows Louisiana's statute of limitations, not its tolling provisions. Moreover, Avila did not provide in any of his briefs any dates or evidence to support his claim that he only learned of his potential cause of action within one year of filing his complaint, and that he would not reasonably know about his potential cause of action at the time of his injury. In fact, the only date provided in any of Avila's filings is the date of his injury, June 27, 2003.

Finally, in his response briefs Avila asserts that his claim is for both a tort and a breach of warranty, or redhibition in Louisiana law, and therefore Louisiana's ten-year statute of limitations for breach of warranty or redhibition should apply. (Pl.'s Aug. 17, 2005 Opp'n Mem. 3) However, Avila's complaint does not raise a breach of warranty or redhibition claim. (Compl.) Furthermore, the record indicates that Avila lacks standing to bring a redhibition claim. *See* La. Civ. Code. Ann art. 2520 (2005). Louisiana's redhibition statute, similar to lemon laws in other states, gives purchasers the right to void the sale of something because of a defect. *Id.* Avila does not claim to have purchased a product from the defendants.

**III. Defendants' Motions for Sanctions**

Vector, joined by Industrial Vacuum, moved for sanctions pursuant to Fed. R. Civ. P. 11(c). The defendants assert that Avila's complaint is not warranted by existing law, that defendants' motions to dismiss put Avila on notice that his complaint was time barred, and that the prudent course for Avila would have been to voluntarily dismiss his complaint.

Rule 11(c) permits the court to impose sanctions if the court concludes that counsel neglected to make reasonable inquiry into the law and the facts before filing a complaint, even if the attorney is convinced of the justice of his or her client's cause. *See Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989). The question for the court is whether Avila should have known after a reasonable inquiry into the law that his personal injury claim against the defendants was barred by the applicable statue of limitations. *See Brown v. Federation of State Medical Bds.*, 830 F.2d 1429, 1435 (7th Cir. 1987). In *Brown*, the Seventh Circuit described the factors a district court should consider when determining whether the attorney or party in question made a reasonable inquiry into the law. *Id.* The *Brown* court stated that the district court considers: "the amount of time the attorney had to prepare the document and research the relevant law; whether the document contained a plausible view of the law; the complexity of the legal questions involved; and whether the document was a good faith effort to extend or modify the law." *Id.*

The district court has a great deal of discretion in determining whether sanctions are warranted. *See Mars,* 880 F.2d at 933; *see also Huff v. Dobbins, Fraker, Tennant, Joy & Perlstein,* 243 F.3d 1086, 1092 (7th Cir. 2001). Given that

Avila did not have counsel of record until August 11, 2005, several weeks after he filed his complaint, and the complexity of the issue in determining the applicable statute of limitations under Wisconsin's borrowing statute, the court does not find that sanctions are warranted in this case. The record reveals no improper purpose or intent to prolong the litigation by Avila's refusal to withdraw his complaint. Rather, it appears that Avila simply decided to wait for the court's decision on the defendants' motions to dismiss.

Accordingly,

**IT IS ORDERED** that Avila's motion for an extension of time (Docket #16) be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that the defendants' motions to dismiss (Docket #4 and #19) be and the same are hereby **GRANTED** and the plaintiff's complaint is herewith **DISMISSED** on its merits, together with costs as taxed by the clerk of the court.

**IT IS FURTHER ORDERED** that the defendants' motions for sanctions (Docket #26 and #30) be and the same are hereby **DENIED.**

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this __21st__ day of February, 2006.

BY THE COURT:

s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge